KATHLEEN A. LEAVITT  *Electronically Filed on 4/26/10*
CHAPTER 13 BANKRUPTCY TRUSTEE
201 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada  89101
Telephone:  (702) 853-0700
E-Mail:  kal13mail@las13.com

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

In re:                                                       )    BK-S 09-28069 MKN
                                                             )    Chapter 13
KEVIN A. and JUDITH A. HEDDEN,      )
                                                             )    Confirmation Hearing:
                               Debtor(s).            )    Date:    April 28, 2010
_____)    Time:   2:30 p.m.

## PRE-HEARING STATEMENT

COMES NOW the Chapter 13 Bankruptcy Trustee, Kathleen A. Leavitt, by and through her counsel of record, Sarah E. Smith, Esq., and files herewith her **PRE-HEARING STATEMENT** together with the following Memorandum of Points and Authorities.

### STATEMENT OF FACTS

On September 28, 2009, Kevin A. and Judith A. Hedden ("Debtors") filed a voluntary petition seeking bankruptcy relief under Chapter 13 of the Bankruptcy Code. The Chapter 13 Trustee incorporates all documents filed in this case into this motion, and requests the Court take judicial notice of those documents.

Plan #2 provides for payments over a 60 month period totaling $161,220.00 and section 1.13 indicates that a 100% dividend will be paid to general unsecured creditors.  Section 6.02 of the Plan states: "6.02 <u>Student Loans</u> – Student loans to be deferred until the completion of the bankruptcy."    The Plan, as proposed, pays attorney fees, Trustee fees, monthly mortgage payments totaling $49,320.00, and $92,204.00 to general unsecured creditors.

The total of filed unsecured claims is $139,354.76 including two claims filed by U.S. Department of Education in the total amount of $44,684.47 as an unsecured creditor.

1

**DISCUSSION**

11 U.S.C §1325(b)(1) provides:

If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—
(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
(B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

The Plan indicates it will pay 100% of all filed unsecured claims. The U.S. Department of Education filed two unsecured claims. There are not sufficient funds in the plan to provide for this creditor. The Debtor contends that the language in section 6.02 that states: "6.02 Student Loans – Student loans to be deferred until the completion of the bankruptcy" means that the student loan creditor will not share in the pro-rata distribution with all other unsecured creditors

The additional language in 6.02 merely states that student loans will be deferred, but *does not* indicate that U.S. Department of Education's claims will receive no distribution under the Plan. Plan #2 does not pay all of the general unsecured claims, nor does it provide payments of all of the debtor's disposable income and therefore the plan does not meet the requirements of §1325(b)(1) and confirmation should be denied.

///

///

///

2

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, the Chapter 13 Trustee respectfully requests this Honorable Court for:

1. An order denying confirmation of the plan; and

2. For such other relief as may be just and equitable.

DATED this ___26th___ day of April, 2010.

/s/      Sarah E. Smith
SARAH E. SMITH, ESQ.
Nevada Bar No. 10762
201 Las Vegas Blvd. South, Suite 200
Las Vegas, NV  89101
Attorney for the Trustee,
KATHLEEN A. LEAVITT

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of KATHLEEN A. LEAVITT, Chapter 13 Bankruptcy Trustee; that I am over the age of 18 years; that on the ___26th___ day of April, 2010, I served a copy of the foregoing **Trustee's Pre-Hearing Statement** to each of the following by depositing a copy in the United States Mails at Las Vegas, Nevada, in sealed envelopes containing first class prepaid postage addressed as follows:

KEVIN A. HEDDEN
175 CANTAMAR ST.
HENDERSON, NV  89014

JUDITH A. HEDDEN
175 CATAMAR ST.
HENDERSON, NV  89014

CHRISTIAN N. GRIFFIN, ESQ.
HAINES & KRIEGER, LLC
1020 GARCES AVE., #100
LAS VEGAS, NV  89101

/s/      Mickey J. Bell
MICKEY J. BELL, an Employee of
KATHLEEN A. LEAVITT
CHAPTER 13 BANKRUPTCY TRUSTEE